PAUL A. BOULON ET AL., Plaintiffs and Appellants, *v.* TEODORICO PÉREZ MERI, Defendant and Appellee.

No. 11361. Argued April 2, 1956.—Decided April 30, 1956.

---

226

*Brown, Newsom & Córdova* and *Juan Díaz de Aldrey* for appellants. *Fernando Fornaris, Jr.,* and *Jorge Ruiz Rivera* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Paul A. Boulon was the owner of a refrigeration business which operated under the firm name of Refrigeration Supply Co. By public deed of June 9, 1938, executed in English before Notary Sergio G. Gelpí, Boulon and his wife, Erva Hartwell, sold the business to Teodorico Pérez Meri. It was stated in the deed that Boulon had been doing business under the name of Refrigeration Supply Co., and that he is the true owner of all the stock of merchandise, etc., utilized in the refrigeration business which he operated. In the second clause thereof it is stated that for the month ending May 31 of the current year (1938) the assets and liabilities of the business were as therein stated. Under the liabilities the following item appears: "P. A. Boulon, Personal—$5,194.40." It is likewise set forth in the fourth clause that the sale and transfer shall include all the described property, together with the entire assets of the business including all the rights, licenses, appurtenances, privi-

leges, systems, formulas, and good will incidental to the business; in the fifth clause, that the sale and transfer are made in consideration of the sum of $10,000, which is to be paid by the buyer in the following manner: $3,000 which the seller has received from the buyer in notes of several persons, amounting to $4,056.95, from which amount the seller kept $1,056.95 in order to pay several obligations of the business and the $600 which covered the monthly instalments of $50 which the buyer was bound to pay to the seller as special compensation, and the buyer bound himself to pay the balance of $7,000 in the manner and on the dates specified in said clause. The eighth clause literally reads: "The buyer hereby agrees and undertakes to pay all the existing liabilities of the business in connection with the same."

The purchaser paid the selling price as agreed. In 1948, the vendor, Paul A. Boulon, who had already been declared legally incapacitated, filed a complaint, represented by his tutor, against the purchaser Pérez Meri, for collection of the item "P. A. Boulon, Personal—$5,194.40" which appeared under "liabilities." He attached to the complaint a copy of the sales contract. In deciding a motion to dismiss, the trial court rendered judgment dismissing the complaint on the ground that the same failed to state a claim. We reversed that judgment and remanded the case to the lower court for further proceedings. *Boulon* v. *Pérez*, 70 P.R.R. 941.

After the complaint was answered and a trial held on the merits, the lower court rendered judgment dismissing the complaint with costs.[1] The present appeal has been taken from that judgment.[2]

---

[1] At a pre-trial conference, the complaint was amended by leave of the court, to include Erva Hartwell, who was Boulon's wife until May 1941, when their marriage bond was dissolved by a divorce decree, as a party plaintiff.

[2] While the case was pending in the trial court, the plaintiff, Paul A. Boulon, died, having been substituted by his legitimate heirs John F. Boulon, Ralph H. Boulon, Paul A. Boulon, Jr., Erva Claire Boulon de Denham and Erva Hartwell, who are appellants herein.

228

 The fundamental question for decision in this appeal is whether the defendant-appellee Pérez Meri was bound to pay to Paul A. Boulon, in addition to the selling price, the item of $5,194.40 already stated, which appeared under the liabilities in the statement of account of Boulon's business.

In reversing the judgment dismissing the complaint because it failed to state a claim, we held that there is no obligation where a person is a creditor and debtor of himself; that from the complaint as well as from the deed of sale it appears that P. A. Boulon and Refrigeration Supply Co. are the same thing; that an entry such as the one appearing in the statement of account of the Refrigeration Supply Co. under the caption "liabilities" "Paul A. Boulon —Personal—$5,194.40" was not uncommon in accounting; that it was possible that it was an obligation of the business in favor of the natural person P. A. Boulon, and that if such amount appeared in the balance sheet of the business as a "liability" thereof and according to the contract of sale the purchaser was bound to pay all the liabilities of the business, it was likewise possible that that item was one of the liabilities which the parties meant the purchaser to assume under the contract. Based on this and other reasoning, we held that it could not be said with all certainty that the complaint failed to state a claim and we remanded the case in order to give the parties an opportunity to explain the true scope of the contract. 70 P.R.R. 941. This required the introduction of evidence to that effect.

In the trial court the plaintiff confined his evidence to (1) a certified copy of the contract of sale executed before Notary Sergio G. Gelpí, and (2) a stipulation of the parties to the effect that "the item of five thousand one hundred ninety-four dollars and forty cents ($5,194.40) object of the claim in the instant case, which is set forth in the balance sheet of May thirty one, nineteen hundred and thirty eight, copied in the contract of June nine, nineteen hundred and

thirty eight, issues from and is the balance of the amounts which the plaintiff, Paul A. Boulon, entered periodically in the books of his personal business (Refrigeration Supply Co.), as compensation for professional services rendered by him to his own business since it was established, approximately from November thirty, nineteen hundred and thirty two, until May thirty one, nineteen hundred and thirty eight."

The concept of the item object of this suit having been thus determined, it plainly appears that the debtor and creditor are the same person and that in the strict sense of the law said item never existed as an obligation. This notwithstanding, did the parties agree that the purchaser would pay it to the vendor? Relying on oral evidence, the testimony of attorney Gelpí and his own, the defendant tried unsuccessfully, because of plaintiffs' opposition, to explain which were the liabilities that the purchaser had assumed. Plaintiffs' argument was that (1) the contract of sale was (contrary to what this court had already held) clear and unambiguous, and (2) that the plaintiffs were at a disadvantage because, while the defendant was able to give an explanation which favored him, Paul A. Boulon was unable to do so because he was incapacitated. They forgot, however, that Erva Hartwell, Boulon's ex-wife, is one of the parties who signed the contract as well as one of the plaintiffs, and, unlike Boulon, she was not incapacitated. In any event, we cannot agree with the plaintiffs-appellants that the contract is as clear as they claim. After examining the evidence introduced in the case at bar, we feel inclined to agree with the trial court that the purchaser did not assume the payment of the sum claimed. Let us see. It is inconceivable that if the purchaser assumed the payment of the $5,194.40 which appeared in the debit side of the balance sheet of the business as a credit in favor of the vendor, they would have failed to provide in the contract of sale the manner and conditions of its payment as they did with the selling price, because, ultimately,

what Pérez Meri was going to pay Boulon for the purchase of the business was $15,194.40 and not the $10,000 which appeared as the selling price. Several years elapsed before the sum of $15,194.40 was claimed from the purchaser Pérez Meri, which fact, together with other circumstances that we shall now set forth, buttresses the defendant's theory. We shall now turn to those circumstances. By judgment of the former District Court of San Juan of May 9, 1941, the matrimonial bond between Paul A. Boulon and Erva Hartzell was dissolved. On January 3, 1942, she filed a complaint against her exhusband for liquidation of community property and for collection of money. One of plaintiff's counsel in this suit was Sergio G. Gelpí, the notary before whom Boulon and Pérez Meri had executed the contract. The complaint is sworn to by Mrs. Hartwell and there the community property is described. The item claimed here is not mentioned in the complaint but it does mention the contract of sale of the Refrigeration Supply Co., alleging on information and belief "that the defendant [Paul A. Boulon] has already received from the aforesaid purchaser, Teodorico Pérez Meri, the sum of $7,500, there remaining pending payment the sum of $2,500 corresponding to the last instalment which falls due on June 1, 1942." In that case a judgment by default was entered which was later vacated, and in execution thereof the property of defendant therein, Mr. Boulon, was attached including the debt of $2,500 owed by Pérez Meri. In February 1947, the parties to the suit executed, with the approval of the court, a deed of partition of community property in which the aforesaid sum of $2,500 which Pérez Meri owed Boulon was included as community property, but they did not include as community property the item of $5,194.40 claimed in this suit.

It is very significant that although Sergio G. Gelpí took part in that suit and in the deed of liquidation of the conjugal partnership as attorney of one of the parties, and he was the very person who acted as notary in the execution

of the deed of sale of the Refrigeration Supply Co., yet the item P. A. Boulon—Personal—$5,194.40, was neither mentioned nor considered as a property belonging to Boulon and his wife.

In the instant case there are a number of circumstances which, taken as a whole, convince us that plaintiffs' claim is groundless. The lower court did not err in so holding. *Cf. Biaggi* v. *Heirs of Esbri*, 71 P.R.R. 420. Although some of the grounds on which the judgment is based are erroneous, it does not warrant a reversal since the appeal is taken from the judgment and not from its grounds. *Castro* v. *Transportation Authority*, 72 P.R.R. 435; *Heirs of Muñoz* v. *Cepeda*, 72 P.R.R. 554.

For the foregoing reasons, the judgment appealed from will be affirmed.